UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LANG, Jr., | No. 2:14-cv-0777-EFB P |
| Plaintiff, | |
| v. | ORDER[1] |
| SACRAMENTO SHERIFF DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He has filed a motion for entry of default judgment against defendants Hein, Green, Vale, McHenry, Cherry, and Belchamber. ECF No. 23.[2]  For the reasons that follow, the motion is denied.

Additionally, this court is required to screen plaintiff's allegations and dismiss them if it determines that they fail to state a claim on which relief may be granted.  28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2).  After review of his complaint, the court finds that the excessive force

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

[2] Plaintiff filed a request for status (ECF No. 21) which the court also construes as a duplicative motion for entry of default judgment.  It does not differ substantively from plaintiff's subsequent, formal motion for default judgment and is denied on the same basis.

1

incident which gives rise to this action appears to fall outside the statute of limitations. Accordingly, as discussed below, plaintiff is ordered to show cause why this action should not be dismissed as time-barred.

### I. Plaintiff's Complaint

Plaintiff alleges that, on an unspecified date, defendant officers at the Sacramento Main County Jail ordered him to lie on a bed in order to receive a medical injection. ECF No. 1 at 3. After this instruction was given he claims that, suddenly and without warning, the officers 'bum-rushed' and 'man-handled' him. *Id*. Plaintiff alleges that the force applied was excessive and left him with a broken shoulder. *Id*. He seeks compensation in the amount of 2.2 million dollars for his injuries. *Id*.

### II. Default and Default Judgment

In order to obtain a default judgment against a party, the Federal Rules of Civil Procedure first require that the party seeking the judgment ask the court clerk to enter the defendant's default under Federal Rule of Civil Procedure 55(a). *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). That rule provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." On August 26, 2015, the Clerk of Court entered the default of defendants Hein, Green, Vale, McHenry, Cherry, and Belchamber after each defendant, despite having been served, failed to answer the complaint. ECF No. 20. As defendants are in default, the court must determine whether a default judgment against them is appropriate.

Federal Rule of Civil Procedure 55(b)(1) provides that, where the plaintiff seeks "a sum certain or a sum that can be made certain by computation" and provides an affidavit showing the amount due, the clerk must enter judgment for that amount and costs against a defendant who has been defaulted. However, "[i]n all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the

/////

amount of damages; (C) establish the truth of any allegation by evidence; or (C) investigate any other matter." *Id.*

"[A] claim is not a sum certain unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 928-29 (9th Cir. 2004) (following the First Circuit's definition of "sum certain" as set out in *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 17-21 (1st Cir. 2003)).  Plaintiff alleges that defendants' application of excessive force broke his shoulder and subjected him to unnecessary pain and suffering.  ECF No. 1 at 3.  He claims that, as of the date of the complaint's filing, he does not have full use of his arm and shoulder.  *Id.* at 4.  The amount of compensation due for such an injury is subject to considerable doubt and thus the damages sought herein are not of a "sum certain" under Federal Rule of Civil Procedure 55(b)(1).

Accordingly, the court has discretion as to whether to enter a default judgment against defendants.

> Factors which may be considered by courts in exercising discretion as to the entry of default judgment include (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); *see also Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning*

1  *v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); *accord DIRECTV, Inc. v. Huynh*, 503 F.3d 847,
2  854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit
3  conclusions of law" (citation and quotation marks omitted)); *Abney v. Alameida*, 334 F.
4  Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally
5  insufficient claim."). Thus, a party's default conclusively establishes that party's liability on
6  sufficiently-pleaded claims, but does not establish the amount of damages. *Geddes*, 559 F.2d at
7  560; *see also Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990); *Doe v. Rafael
8  Saravia*, 348 F. Supp. 2d 1112, 1143 (E.D. Cal. 2004). To obtain a default judgment against a
9  defendant for a claim for uncertain damages, the plaintiff must prove the amount of damages he
10 seeks. *Shanghai Automation Instrument Co., Ltd. v. KUEI*, 194 F. Supp. 2d 995, 1010 (N.D.
11 Cal. 2001).

12 After weighing the *Eitel* factors, the court finds that default judgment is not appropriate at
13 this time. It is true that plaintiff would be prejudiced if default judgment were denied, as he
14 would be deprived of damages from the defendants who have failed to appear. His allegations,
15 accepted as true, also establish that defendants used excessive force to restrain him. The court
16 finds, however, that both the 2.2 million dollars sought in damages and plaintiff's failure to prove
17 or even explain how he arrived at that figure weigh against granting his motion. Additionally, in
18 the court's experience, the facts required to establish an Eighth Amendment excessive force claim
19 are often disputed. Finally, the strong policy favoring merits-based decisions militates in favor of
20 withholding default judgment.

21 Accordingly, plaintiff's requests for default judgment (ECF Nos. 21 & 23) against
22 defendants Hein, Green, Vale, McHenry, Cherry, and Belchamber are denied without prejudice.
23 Any renewed motion for default judgment must be supported by argument and evidence
24 concerning both the *Eitel* factors and plaintiff's claimed damages.

25 **III. Statute of Limitations**

26 It appears from plaintiff's own complaint that this action is time-barred. Attached to his
27 complaint is a claim form against Sacramento County which re-asserts his excessive force
28 allegations. ECF No. 1 at 4. Therein, plaintiff indicates that the date of the excessive force

4

incident was June 6, 2005. *Id*. This action was not filed until March 26, 2014 – almost nine years later. ECF No. 1.

Because section 1983 contains no specific statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d at 914. California has a two-year statute of limitations for personal injury actions. Cal. Civ. Proc. Code § 335.1. Under the two-year statute of limitations, plaintiff had until June 2007 to file this action. Even if the two year tolling provision for prisoners – found at Cal. Civ. Proc. Code § 352.1 - were applied, plaintiff's claim would still be barred by the statute of limitations.

The statute of limitations is generally an affirmative defense which is not raised by the court sua sponte. It may, however, be grounds for sua sponte dismissal of an in forma pauperis complaint where the defense is complete and obvious from the face of the pleading or the court's own records. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1230 (9th Cir. 1984); *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686-687 (9th Cir. 1993). Here, the statute of limitations defense appears obvious from the face of plaintiff's complaint. Accordingly, the court will order plaintiff to show cause as to why this action should not be dismissed as time-barred.

**IV.   Order**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motions for entry of default judgment (ECF No. 21 & 23) are denied.
2. Within thirty (30) days from the date of service of this order, plaintiff shall show cause why this action should not be dismissed as time-barred.

DATED: August 2, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE