UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LANG, JR., | No. 2:14-cv-0777 EFB P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO SHERIFF DEPARTMENT, et al., | |
| Defendants. | |

**I.      Introduction**

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On October 23, 2015 and July 14, 2016 he filed two motions which the court construed as motions for default judgment. ECF Nos. 21 & 23. On August 2, 2016, the court denied those motions without prejudice due to: (1) plaintiff's failure to adequately explain how he arrived at his requested damages; (2) the factual disputes which typically underlie Eighth Amendment excessive force claims; and (3) the strong policy favoring merits-based decisions. ECF No. 24 at 4. In that same order, the court noted that plaintiff's allegations appeared to arise from an incident which occurred in 2005 and, as such, would be barred under California's two year statute of limitations. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) ("For actions

under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law."); *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) ("California's statute of limitations for personal injury claims is two years."). Accordingly, plaintiff was ordered to show cause as to why this action – filed in March 2014 (ECF No. 1) - should not be dismissed as barred by the statute of limitations.[1] ECF No. 24 at 4-5. Plaintiff's response admits that the excessive force incident occurred outside the scope of the statute of limitations, but argues that two factors support tolling. ECF No. 25 at 1-2. First, he contends that he filed a 2005 claim against the Sacramento County Sheriff's Department, although he does not identify the specific venue in which that complaint was filed. *Id*. Second, he contends that, since the date of the excessive force incident, he has been 'locked up in mental institutions.' *Id*. at 2. For the reasons stated hereafter, the court rejects both arguments.

**II.     Analysis**

   **A.   Plaintiff's 2005 State Claim**

Plaintiff has attached the same county claim form to both his complaint and his response which indicates that his state claim was filed on September 23, 2005 and then re-filed on May 18, 2006. ECF No. 1 at 4; ECF No. 25 at 7.[2] Therein he describes his injury and requests, as he does in this suit, 2.2 million dollars in damages for his broken shoulder and the 'impairment' of his arm. ECF No. 1 at 4. This claim is inadequate to toll the statute of limitations for this federal action, however, because the remedies available under section 1983 are separate and independent

---

[1] The statute of limitations is generally an affirmative defense which is not raised by the court sua sponte. It may, however, be grounds for sua sponte dismissal of an in forma pauperis complaint where, as here, the defense is complete and obvious from the face of the pleading or the court's own records. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1230 (9th Cir. 1984); *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686-687 (9th Cir. 1993).

[2] The court notes that the claim document in plaintiff's response to the show cause order has been altered to indicate that he seeks five-hundred dollars a day for his injuries. ECF No. 25 at 7. The documents are identical in all other respects, however. ECF No. 1 at 4; ECF No. 25 at 7.

1   from any state remedies. *See Wilson v. Garcia*, 471 U.S. 261, 85 L. Ed. 2d 254, 279, 105 S. Ct.
2   1938 (1985) ("Congress therefore intended that the remedy provided in § 1983 be independently
3   enforceable whether or not it duplicates a parallel state remedy."). California courts have reached
4   similar conclusions. *See, e.g., Williams v. Horvath*, 16 Cal. 3d 834, 842, 129 Cal. Rptr. 453, 548
5   P.2d 1125 (1976) ("Similarly, the California remedy of recourse to the Tort Claims Act need not
6   be first sought before a plaintiff is free to invoke the Civil Rights Act. While there may be
7   considerable overlap between the two statutes in given circumstances, the purposes underlying
8   them are distinct."). Accordingly, plaintiff's state claim did not preclude his filing of a separate
9   section 1983 action within the applicable statute of limitations.

### B.  Plaintiff's Mental State

Plaintiff's second argument is that, as of the date of the incident, he has been mentally impaired and confined to psychiatric institutions. ECF No. 25 at 2. He does not offer the specifics of his mental health issues, nor does he explicitly contend that those issues prevented him from filing a timely section 1983 claim. Nevertheless, the court construes this as an argument that insanity should toll the California statute of limitations.

California Civil Procedure Code § 352(a) allows for tolling if, at the time the cause accrued, the claimant lacked the legal capacity to make decisions. More specifically, this provision has been held to apply to persons who are "incapable of caring for his [or her] property or transacting business, or understanding the nature or effects of his [or her] acts. . . ." *Alcott Rehab. Hosp. v. Superior Court*, 93 Cal. App. 4th 94 (Cal. Ct. App. 2001).[3] However, "[n]o person can avail himself of a disability, unless it existed when his right of action accrued." Cal. Civ. Proc. Code § 357. The court must give effect to these state tolling provisions. *See Hardin v. Straub*, 490 U.S. 536, 543-44 (1989). Federal law, however, determines when a cause of action accrues and when the statute of limitations starts to run in a section 1983 action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "Under federal law, a claim accrues when the plaintiff knows or has

---

[3] Prior to a 2014 amendment, the text of section 352(a) substituted "insane" for "lacking the legal capacity to make decisions." As such, many court decisions make explicit reference to that term in discussing this section.

3

1    reason to know of the injury which is the basis of the action." *TwoRivers v. Lewis*, 174 F.3d 987,
2    991 (9th Cir. 1999).  A section 1983 action is commenced by filing a complaint with the court.
3    *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002) ("[W]e hold that a § 1983 action is
4    commenced in federal district court for purposes of the statute of limitations when the complaint
5    is filed.").

6    Turning to the substance of section 352(a), the fact that a claimant was mentally impaired
7    is not, on its own, sufficient to warrant tolling under this section.  *See, e.g.*, *Snyder v. Boy Scouts
8    of Am., Inc.*, 205 Cal. App. 3d 1318 (Cal. Ct. App. 1988) (holding that "'post-traumatic
9    syndrome' does not constitute insanity under the statute");  *Hsu v. Mt. Zion Hosp.*, 259 Cal. App.
10   2d 562 (Cal. Ct. App. 1968) (the fact that a claimant was "mentally ill" and had been committed
11   to a mental health facility was not, on its own, sufficient to establish insanity within the meaning
12   of section 352(a)).  Here, plaintiff alleges only that he has been continuously confined to mental
13   institutions since the 2005 excessive force incident.  ECF No. 25 at 2.  He has not alleged or
14   otherwise provided any evidence that his mental issues have prevented him from caring for his
15   property, transacting business, or understanding the nature or effects of his actions.  *See Hinton v.
16   NMI Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) (holding that "[t]he burden of alleging facts
17   which would give rise to tolling falls upon the plaintiff.").  Moreover, based on the information in
18   plaintiff's state claim form, the relevant cause of action accrued on June 6, 2005 – the date the
19   defendants allegedly used excessive force against him and on which he had an obvious reason to
20   know of his injury.  ECF No. 1 at 4.  The state claim form also plainly indicates that plaintiff was
21   mentally capable of pursuing a legal remedy for this injury on both September 23, 2005 (the date
22   he initially filed his state claim) and on May 18, 2006 (the date on which he purportedly refiled
23   that state claim).  *Id*.  As such, it is impossible to conclude that plaintiff's mental disability, even
24   assuming that it met the requirements of section 352(a) on the date the injury accrued, had the
25   requisite continuity to toll the statute of limitations until the commencement of this action on
26   March 26, 2014 (ECF No. 1).  *See Rose v. Petaluma & Santa Rosa Ry. Co.*, 64 Cal. App. 213,
27   217 (1923) ("[I]t is a settled rule of construction that the exemption period cannot be extended by
28   the connection of one disability with another; in other words, a succession of disabilities cannot

be tacked upon the first disability so as to prevent the operation of the statute.") disapproved on other grounds in *Harris v. Industrial Accident Comm'n of Cal.*, 204 Cal. 432, 438 (1928).

### III. Conclusion

The court has provided plaintiff an opportunity to explain how his claims fall within the applicable statute of limitations and he has failed to do so. Accordingly, the court concludes that the deficiencies outlined above are not capable of being cured by any amendment and, on that basis, the court orders this action DISMISSED with prejudice as time-barred. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, *unless it determines that the pleading could not possibly be cured by the allegation of other facts*.") (emphasis added).

DATED: March 23, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5